UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| National Credit Union Administration Board, Acting in its Capacity as Liquidating Agent for the Hmong American Federal Credit Union, | Case No. 15-cv-3871 (WMW/KMM) |
| Plaintiff, | **ORDER MODIFYING PERMANENT INJUNCTION TO PERMIT SALE OF BUSINESS ASSETS** |
| v. | |
| True Yang Vangh and Nkajlo Vangh, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion to Modify Permanent Injunction. (Dkt. 90.) In a November 3, 2015 Order, the Court entered a preliminary injunction. That injunction, among other things, enjoined Defendants True Yang Vangh and Nkajlo Vangh from selling, dissipating, or otherwise disposing of personal and business assets. On June 29, 2018, the Court entered a permanent injunction that incorporated the previously ordered asset freeze. The June 29, 2018 Order also incorporated the terms of the parties' settlement agreement, which, among other things, requires Defendants to make monthly payments of $15,000 to Plaintiff National Credit Union Administration Board (NCUAB).

According to the parties, after the Court ordered the permanent injunction, the Minnesota Department of Human Services took administrative action seeking to revoke the license necessary for Defendants to continue conducting their adult day care business. Defendants' ability to continue conducting their home health care business faces a similar risk of revocation. The parties assert that, if Defendants' licenses are revoked, Defendants'

businesses will close, and they will be unable to continue making monthly payments to NCUAB. To maximize the value of their business assets, Defendants negotiated a proposed sale of their home health care and adult day care businesses to third parties. NCUAB represents that it has participated in these sale negotiations and agrees to the sale terms and the form of the transactional documents. The parties jointly move the Court for an order modifying the permanent injunction to permit the proposed sale.

A district court "has inherent jurisdiction in the exercise of its equitable discretion . . . [to] modify its injunctions." *Booker v. Special Sch. Dist. No. 1*, 585 F.2d 347, 352 (8th Cir. 1978). "The determination of whether it is appropriate to dissolve or modify an injunction 'rests primarily on the shoulders of the district court that issued the injunction in the first place.'" *United States v. Northshore Mining Co.*, 576 F.3d 840, 848-49 (8th Cir. 2009) (quoting *Booker*, 585 F.2d at 353). When a change in circumstances requires modification of an injunction to achieve the purpose of the initial relief, it is within a district court's authority to do so. *Larken Minn., Inc. v. Wray*, 881 F. Supp. 1413, 1419 (D. Minn. 1995).

When the Court ordered the permanent injunction at issue here, the Court found that doing so would advance the interests of the Federal Credit Union Act (FCUA), 12 U.S.C. §§ 1751 *et seq.*, and promote the FCUA's public policy goals of protecting creditors and ensuring a legitimate credit union system. The proposed sale of Defendants' businesses will advance those ends. But the proposed sale cannot proceed without a modification to the existing injunction. Moreover, the sale is necessary at this time because, if Defendants' business licenses are revoked in the near future, NCUAB's ability to collect its judgment against Defendants could be lost. For these reasons, the Court concludes that modifying the injunction is warranted.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The parties' Joint Motion to Modify Permanent Injunction, (Dkt. 90), is **GRANTED**.

2. The injunction established by the Court's November 3, 2015 Order, which was converted to a permanent injunction by the Court's June 29, 2018 Order and July 2, 2018 Judgment, is hereby modified to permit the Defendants to do the following:

    a. sell the assets of Twin Cities Home Health Services, LLC, to North Star Health Alliance, LLC, a Minnesota limited liability company; and

    b. sell the assets of Hmong Elite Home Care, Inc., to Golden Crescent Health Services, LLC, a Minnesota limited liability company.

3. Defendants shall remit the proceeds from the sale of the foregoing businesses to Plaintiff as provided in the respective agreements among the parties.

4. The combined purchase price of Hmong Elite Home Care, Inc., and Twin Cities Home Health Services, LLC, shall be no less than the full amount of the restitution that Defendants owe Plaintiff on the closing dates of the sales. Prior to the sales, Plaintiff shall have the right to review and approve the final form of all documents related to the sales. Without such approval, the sales may not take place.

5. The permanent injunction shall remain in effect in all other respects.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 11, 2019

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge